**THIS OPINION HAS NO PRECEDENTIAL VALUE. IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.**

**THE STATE OF SOUTH CAROLINA**
**In The Court of Appeals**

Kalishwar Das, Appellant,

v.

York County, Respondent.

Appellate Case No. 2024-000269

———————

Appeal From York County
William A. McKinnon, Circuit Court Judge

———————

Unpublished Opinion No. 2026-UP-380
Submitted June 1, 2026 – Filed July 22, 2026

———————

**AFFIRMED**

———————

Kalishwar Das, of Rock Hill, pro se.

Todd Russell Flippin, of Holcombe Bomar, PA, of Spartanburg, for Respondent.

———————

**PER CURIAM:** Kalishwar Das appeals the circuit court's order granting York County's motion to dismiss his second amended complaint alleging causes of action for (1) "[e]ndangerment to [p]laintiff"; (2) "[d]eprivation of rights under color of law" and "[c]onspiracy against rights"; (3) "[v]iolation of constitutional provisions for 'due process'"; (4) "[c]ommitting [h]ate crime (with discrimination) & public insult"; (5) "possible destruction of evidence," and "[d]estruction,

alteration, or falsification of records in [f]ederal investigations"; and (6) attorney's fees and court costs. On appeal, Das argues the circuit court erred when it dismissed his case against the magistrate court due to procedural technicalities and substituted York County as the defendant and denied him due process. We affirm pursuant to Rule 220(b), SCACR.

We affirm based on the two-issue rule. *See Jones v. Lott*, 387 S.C. 339, 346, 692 S.E.2d 900, 903 (2010) ("Under the two[-]issue rule, where a decision is based on more than one ground, the appellate court will affirm unless the appellant appeals all grounds because the unappealed ground will become the law of the case."), *abrogated on other grounds by Repko v. County of Georgetown*, 424 S.C. 494, 818 S.E.2d 743 (2018). The circuit court granted York County's motion to dismiss because Das (1) was "barred by *res judicata* from bringing [the] lawsuit asserting the same claims that could and should have been pursued in his appeal" and (2) did "not state facts sufficient to constitute any cause of action against [York County] in his" second amended complaint. Das failed to appeal all the grounds upon which the circuit court based its decision; therefore, we hold the unappealed rulings are the law of the case. *See Shirley's Iron Works*, *Inc. v. City of Union*, 403 S.C. 560, 573, 743 S.E.2d 778, 785 (2013) ("An unappealed ruling is the law of the case and requires affirmance."); Rule 220(c), SCACR ("The appellate court may affirm any ruling, order, decision or judgment upon any ground(s) appearing in the [r]ecord on [a]ppeal.").

**AFFIRMED.**[1]

**GEATHERS, HEWITT, and CURTIS, JJ., concur.**

---

[1] We decide this case without oral argument pursuant to Rule 215, SCACR.